UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY M. BANKS,

    Plaintiff,

    v.

COUNTY OF ALAMEDA,

    Defendant.

Case No.  14-cv-00482-WHO

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. Nos. 14, 16, 17

*Pro se* plaintiff Gregory Banks is suing the County of Alameda for breach of fiduciary duty and declaratory relief because it allegedly mismanaged Banks's child support case: he alleges that Alameda failed to close his child support case even though he complied with all of the necessary state law procedures to close the case.  His complaint does not state a federal claim because (i) there is no diversity jurisdiction as both parties are residents of California, (ii) Mr. Banks has not alleged facts sufficient to state a claim that Alameda violated his federal constitutional or statutory rights, (iii) Mr. Banks' has not sufficiently identified an Alameda "policy" that deprived him of a protected right as required by *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), and (iv) state law provides an adequate post-deprivation remedy for Mr. Banks's claims.  Mr. Banks's complaint is DISMISSED with leave to amend.

## FACTUAL BACKGROUND[1]

Mr. Banks alleges that he "filed a petition about the concern of child support payment that was paid in full and expired" in June 2013.  Compl. ¶ 5 [Dkt. No. 1].  The petition requested that Mr. Banks's child support case be closed and that an "audit of payment be given in accordance to

---

[1] I assume the truth of Mr. Banks's allegations at this pleadings stage.

the rules and regulations of the law in order for plaintiff to get his passport." *Id.* at ¶¶ 5-6. Mr. Banks asserts that Alameda failed to close his case, after which he "filed with the Compromise of Arrears Program (COAP) for reduction, and was told that he will have to get a waiver from the Custodial Parent, in [sic] Plaintiff did so." *Id.* at ¶ 7. He contends that Alameda "breached their fiduciary duty of care, [by,] among other things, routinely mismanaging the Child Support Program, and failing to comply with the terms of the Program governing regulations and laws." *Id.* ¶ 8. Mr. Banks's request for declaratory relief seeks declarations "to enable the parties to ascertain their rights and duties to each other." *Id*. ¶ 12.

Alameda moved to dismiss. I heard argument on its motion on April 16, 2014.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making

this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

### I. BREACH OF FIDUCIARY DUTY

Mr. Banks alleges that Alameda breached its fiduciary duty by "routinely mismanaging the Child Support Program, and failing to comply with the terms of the Program governing regulations and laws." Compl. ¶ 8. He asserts that he has no means to support himself and his other minor children because Alameda mismanaged the program. *Id.* at ¶ 9. In the civil cover sheet, he stated that his action against Alameda arises under the Civil Rights Act of 1964. Dkt. No. 1 at 4.

A claim for breach of a fiduciary duty is a claim under state law and does not give rise to federal question jurisdiction. Unless the parties are from different states and the amount in controversy exceeds $75,000, there would be no federal jurisdiction for a claim for breach of fiduciary duty. Both Mr. Banks and Alameda are California citizens. *See* Dkt. No. 1 (listing Mr. Banks's address in San Leandro, California). Accordingly, Mr. Banks's complaint can only be brought in federal court if he adequately states a Section 1983 claim for deprivation of his constitutional rights. I will construe Mr. Banks's complaint as an effort to allege that Alameda violated his civil rights in violation of 42 U.S.C. section 1983.

Liberally construed, Mr. Banks alleges that Alameda took his property without due process of law. If properly pleaded, this states a claim under 42 U.S.C. section 1983, which provides a

remedy for constitutional violations by persons acting under the color of state law.  It provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . . subjects, or causes to be subjected, any citizen of the United States . . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal quotation marks omitted).   For the reasons stated below, however, Mr. Banks has not stated a section 1983 claim.

### A. Failure to allege sufficient facts

Mr. Banks does not explain how Alameda's failure to comply with state law procedures deprived him of a constitutional or federal right. *See Jones v. Williams*, 286 F.3d 1159, 1162-63 (9th Cir. 2002).  Even if Mr. Banks is correct that Alameda failed to comply with state law child support procedures, "mere violations of state law do not constitute a violation of due process and do not provide the basis for a § 1983 claim." *Jenks v. Hull*, 67 F.3d 307 (9th Cir. 1995); *see also Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question").

If Mr. Banks chooses to file an amended complaint, he must state why Alameda's conduct violated his federal right to due process to adequately state a claim under section 1983.

### B. Failure to state a claim holding Alameda liable (*Monell* claim)

Mr. Banks has failed to state a claim against Alameda, a local government, for a violation of section 1983.  A municipality is not liable under section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  The Ninth Circuit has construed *Monell* to require that the plaintiff satisfy four elements: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate

4

indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citation and internal quotation marks omitted).

Here, although Mr. Banks alleges that Alameda "routinely mismanage[ed] the Child Support Program," causing Mr. Banks to have "no means to support himself and other minor children," he fails to identify a policy, let alone how that policy is the moving force behind a violation of his constitutional rights. Mr. Banks's conclusory allegation that Alameda's failure to follow its own procedures is "routine" is insufficient. *See AE ex rel. Hernandez v. City of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding that to state a *Monell* claim, a plaintiff must sufficiently allege "underlying facts to give fair notice and to enable the opposing party to defend itself effectively, [and] must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

Mr. Banks has failed to meet this burden. To adequately state a claim against Alameda for a violation of section 1983, Mr. Banks must allege facts indicating that his constitutional rights were violated and that Alameda had a policy of deliberate indifference that was the moving force behind the constitutional violation.

### C. Adequate post-deprivation remedy

In cases involving unlawful deprivation of property, a section 1983 claim fails if the "State has provided an adequate post-deprivation remedy for the alleged destruction of property." *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). Thus, "in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate." *Id.* at 539 (citing *Parratt v. Taylor*, 451 U.S. 527, 537-544 (1981)).

California law provides an adequate post-deprivation remedy for the taking of Mr. Banks's property. California Family Code Section 17526(c) provides that

> Any party to an action involving child support enforcement services of the local child support agency may request a judicial determination of arrearages. The party may request an administrative review of the alleged arrearages prior to requesting a judicial determination of arrearages.

5

*See* Cal. Fam. Code § 17526(c). If Mr. Banks believes that he has paid his child support obligations in full or that he is entitled to a modification, he may request review of that claim under Section 17526(c).[2] Accordingly, state law provides an adequate remedy for Mr. Banks's claims. If Mr. Banks chooses to file an amended complaint, he must explain why section 17526(c) is not an adequate post-deprivation remedy.

### D. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983). Alameda argues that Mr. Banks's state law family court proceedings initiated in June 2013 (*see* MacKay Decl. Ex C) caution against the exercise of jurisdiction.

Mr. Banks's claims here appear similar, if not identical, to those brought in state court.[3] *See* MacKay Decl. Ex. C. However, since Mr. Banks has not stated sufficient facts to state a claim, I cannot determine whether the matters are in fact identical and whether the *Rooker-Feldman* doctrine should bar his claims here.

## II. DECLARATORY RELIEF

Mr. Banks alleges that an actual controversy exists concerning Alameda's lack of compliance with "the Child Support regulated rules and law," whether his child support is paid in full, whether Mr. Banks obtained a waiver "from the Custodial Parent," and "[o]ther issues to be shown according to proof." Compl. ¶ 11. He seeks declarations "to enable the parties to ascertain their rights and duties to each other." *Id.* ¶ 12.

The Declaratory Judgment Action, 28 U.S.C. section 2201, applies only to "actual

---

[2] Mr. Banks appears to be aware of these procedures as he apparently sought modification of his child support payments in state court in June 2013. *See* MacKay Decl. Ex C.
[3] The state court denied the release of Mr. Banks's passport and continued the matter to review the child support arrears. MacKay Decl. Ex. C. The hearing on Banks's request was subsequently dropped after Mr. Banks failed to appear in September 2013. MacKay Decl. Ex. D.

1 contovers[ies]" within the meaning of Article III of the Constitution. *Principal Life Ins. Co. v.
2 Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). Because Mr. Banks has not sufficiently alleged that
3 Alameda's conduct deprived him of a federal or constitutional right, as discussed in the previous
4 section, there is no present controversy between the parties that is cognizable in federal court and I
5 am without jurisdiction to entertain Mr. Banks's claims for declaratory relief.

## CONCLUSION

Mr. Banks's complaint is DISMISSED. I grant Mr. Banks LEAVE TO FILE AN AMENDED COMPLAINT. Any amended complaint should be filed within 30 days of this order and should state how Alameda's conduct violated Mr. Banks's federal right to due process; why Alameda is liable; why California Family Code Section 17526(c) is not an adequate post-deprivation remedy; and, why this action is not barred by the Rooker-Feldman doctrine.

**IT IS SO ORDERED**.

Dated: April 23, 2014



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. BANKS, | Case Number: CV14-00482 WHO |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| COUNTY OF ALAMEDA et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 23, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Gregory M. Banks
1271 Washington Avenue
#264
San Leandro, CA 94577

Dated: April 23, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk